**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDMUNDO BATOON, : | Civil No. 06-1817 (JLL) |
| Petitioner, : | |
| v. : | **OPINION** |
| UNITED STATES OF AMERICA, : et al., : | |
| Respondents. : | |

**APPEARANCES**:

> EDMUNDO BATOON, #22313-050, Petitioner Pro Se
> F.C.I. Otisville
> P.O. Box 1000
> Otisville, New York  10963

**LINARES**, District Judge

Petitioner Edmundo Batoon filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence as unconstitutional under United States v. Booker, 543 U.S. 220 (2005).  The Court grants Petitioner in forma pauperis status and dismisses the Petition.

### I.   BACKGROUND

Petitioner challenges a sentence of 152 months in prison and five years of supervised release, imposed on April 7, 2000, by United States District Judge John W. Bissell after a jury found Petitioner guilty of conspiracy to distribute methamphetamine.

See United States v. Batoon, Crim. No. 99-100 (JWB) j. of commitment & sentence (D.N.J. April 7, 2000). Petitioner appealed, and on February 4, 2002, the United States Court of Appeals for the Third Circuit affirmed. See United States v. Perez, 280 F.3d 318 (3d Cir.), cert. denied, 537 U.S. 859 (2002). Petitioner did not file a motion to vacate the sentence pursuant to 28 U.S.C. § 2255.[1]  Id.

Petitioner, who is confined at the Federal Correctional Institution at Otisville, New York, filed this Petition on April 19, 2006. Petitioner challenges his sentence under Booker and argues that he was not able to file a timely motion to vacate his sentence under 28 U.S.C. § 2255 because his defense attorney improperly failed to advise him of Booker. Petitioner seeks an order amending his sentence to time served and releasing him.

## II.   DISCUSSION

A.  Personal Jurisdiction

Petitioner, who is confined in a federal correctional facility in New York, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, releasing him on the ground that the sentence

---

[1] Petitioner evidently wrote a letter to the Clerk dated June 2, 2005. In response, Chief Judge John W. Bissell, informed Petitioner of the new address of Petitioner's criminal defense counsel and indicated that Petitioner's direct appeal was fully concluded prior to the Booker decision. In letters dated June 23, 2005, and July 17, 2005, Petitioner asked the Clerk of this Court to give him a copy of his sentencing transcript.

imposed by this Court in 2000 is unconstitutional under Booker.[2]

Section 2241 of Title 28 of the United States Code authorizes district courts to grant a writ of habeas corpus "within their respective jurisdictions" on the ground that a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  As the Supreme Court held in Rumsfeld v. Padilla, 542 U.S. 426, 446-47(2004),

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions:  Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Padilla, 542 U.S. at 446-47; accord Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).  Because Petitioner is challenging his present physical confinement within the United States and this Court lacks personal jurisdiction over his custodian under § 2241, the Petition is subject to dismissal without prejudice. Padilla, 542 U.S. at 446-47.

---

[2] In Booker, the Supreme Court determined that application of the Federal Sentencing Guidelines violated the Sixth Amendment because the guidelines required the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

However, as the sentencing court, this Court would have jurisdiction to entertain a motion to vacate or set aside Petitioner's sentence under 28 U.S.C. § 2255. Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.[3]

This Court has the power to recharacterize the Petition as a motion to vacate a sentence under § 2255 in order to avoid an unnecessary dismissal of the Petition under § 2241. See Castro v. United States, 124 S.Ct. 786, 791-92 (2003); United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999). But recharacterization of the pleading as a § 2255 motion would not avoid dismissal. The United States Court of Appeals for the Third Circuit has held that Booker does not apply retroactively to cases, such as this,

---

[3] As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court. See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).

that became final on direct review prior to January 12, 2005, the date Booker issued. See Warren v. Kyler, 422 F.3d 132 (3d Cir. 2005) (Booker is not applicable retroactively to cases on collateral review under § 2254); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (Booker does not apply retroactively under § 2255).[4] Because Petitioner's conviction became final on October 7, 2002, and Booker does not apply retroactively to cases on collateral review, this Court declines to recharacterize the § 2241 Petition as a motion under § 2255.

B. Transfer

When a court lacks jurisdiction over a civil action, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ." 28 U.S.C. § 1361. Transfer of this § 2241 Petition is not warranted, however, because Petitioner's Booker claim would not be cognizable under § 2241, even in the district having jurisdiction over his custodian. See Padilla v. United States, 416 F.3d 424 (5th Cir. 2005) (court lacks jurisdiction over Booker claim under § 2241 because § 2255 is not inadequate or ineffective remedy); see also Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005) (rule established in Booker does not apply

---

[4] See also Schriro v. Summerlin, 124 S.Ct. 2519, 2523 (2004); United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003).

retroactively); Love v. Menifee, 333 F.3d 69 (2nd Cir. 2003) (§ 2255 is not inadequate or ineffective for Apprendi claim).  This Court accordingly declines to transfer the Petition to the Southern District of New York, the district court with personal jurisdiction over Petitioner's immediate custodian.  Because this Court lacks jurisdiction over the Petition under § 2241, because recharacterization of the Petition as a motion under § 2255 would not save it from dismissal, and because transfer is not warranted, the Court dismisses the Petition.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice.

      /s/ Jose L. Linares
   United States District Judge

Dated: April 26, 2006